USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/17/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

RELATED COMPANIES, L.P., *et al.*,

      Defendants.

**DISBURSEMENT ORDER**

14 Civ. 1826 (ALC)

1. On December 10, 2014, this Court entered a consent decree (the "Related CD") between plaintiff the United States of America (the "Government") and defendants the Related Companies, L.P., Upper East Lease Associates, LLC, and Tribeca Green, LLC (together, "Related"). Pursuant to paragraph 55 of the Related CD, Related established an Initial Settlement Fund of $825,000 for the purpose of compensating any aggrieved persons who may have suffered as a result of the allegedly discriminatory housing practices at issue.

2. On February 4, 2015, this Court entered a consent decree (the "Architects CD") between the Government and defendants Robert A.M. Stern Architects, LLP and Ismael Leyva Architects, P.C. (together, the "Architect Defendants"). Pursuant to paragraph 8 of the Architects CD, the Architect Defendants established an Architect Settlement Fund of $32,000 for the purpose of compensating aggrieved persons.

3. Paragraph 67 of the Related CD and paragraph 11 of the Architects CD provide that, in the event that less than the total amount of the Initial Settlement Fund and Architect Settlement Funds, including accrued interest, is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Remainder") shall be distributed to one or more qualified organizations,

mutually agreed upon by the Government and defendants, and subject to the approval of the Court, for the purpose of conducting fair housing enforcement-related activities in New York City.

4. Pursuant to paragraphs 56 through 60 of the Related CD, to identify aggrieved persons Related published multiple notices in the *New York Daily News* and on Related's websites for the relevant buildings, and it sent notices to 11 New York-based disability organizations. *See* Dkt. No. 31, Related CD ¶¶ 56-59. Related also mailed the notice to each past and present resident of the relevant buildings. *Id.* ¶ 60. In addition, Related hired the Association of University Centers on Disabilities ("AUCD"), a national network of interdisciplinary centers focused on persons with disabilities, to help develop and implement a "Targeted Publication Plan." *Id.* ¶ 56. Pursuant to that Targeted Publication Plan, Related partnered with two New York-based disability organizations—The Center for Independence of the Disabled ("CIDNY") and United Spinal Association ("United Spinal")—and together they accomplished targeted distribution of notices concerning the Related aggrieved persons fund to more than 300,000 persons with disabilities, their family members, and service providers and advocates. *Id.*

5. The Government investigated claims made by potentially aggrieved persons and ultimately determined that disbursements totaling $78,000 were appropriate.

6. The Government has determined that no additional aggrieved persons will be identified.

7. Accordingly, $779,000, plus accumulated interest, remains in the Settlement Funds.

8. Related and the Architect Defendants have proposed that the remaining funds be split evenly between two organizations, the New York Civil Liberties Union ("NYCLU") and Westchester Residential Opportunities ("WRO," and together with NYCLU, the

"Recipients"), to conduct fair housing enforcement-related activities in New York City. The Government does not object to defendants' selection.

9. As a condition for receiving its share of the Remainder, NYCLU has stated that it would use the funds to pursue the following activities:

    - a public education campaign targeted one or two communities in New York City for a "Know Your Rights" campaign that would raise awareness of housing discrimination through the development of counseling, the distribution of educational materials, and a workshop series; and
    - undertake research into the roots of housing segregation and consider remedies, which would be shared in a published report.

10. As a condition for receiving its share of the Remainder, WRO has stated that it would use the funds to conduct fair lending testing and related activities in the five boroughs of New York City.

11. The Court hereby approves the selection of the Recipients and approves the disbursement of the Remainder to the Recipients, split evenly.

12. Related and the Architect Defendants are hereby ordered to evenly disburse the Remainder to the Recipients as required by paragraphs 67 of the Related CD and paragraph 11 of the Architect CD within 30 days of the issuance of this order.

13. No later than one year after the entry of this Order, NYCLU and WRO shall each submit a report to counsel for the Government to detail how it has used the funds, and submit

additional reports every year thereafter until the funds are exhausted.

**IT IS SO ORDERED**:

This  17th  day of September  2020.

_____
THE HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE